IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DARLENE GIBBS, *on behalf of themselves and all others similarly situated,*<br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>KENNETH REES,<br><br>　　　　　　　　Defendants. | Case No: 3:20-cv-00717-MHL |

| | |
|---|---|
| INDIA BANKS, *et. al.*, *on behalf of themselves and all others similarly situated,*<br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>KENNETH REES,<br><br>　　　　　　　　Defendant. | Case No: 3:20-cv-00716-MHL |

| | |
|---|---|
| KIMETRA BRICE, *et al., on behalf of themselves and all others similarly situated,*<br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>KENNETH REES,<br><br>　　　　　　　　Defendants. | Case No: 3:20-cv-00732-MHL |

**ORDER**
**GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Lawrence Mwethuku, Kimetra Brice, Earl Browne, Jill Novorot, India Banks, Alicia Patterson, JoAnn Griffiths, and Jeri Brennan ("Plaintiffs"), for themselves and the Settlement Class Members, have moved the Court for preliminary approval of a proposed class action settlement with Defendants Kenneth Rees ("Rees"), Jeanne Margaret Gulner ("Gulner"), Kenneth Earl Rees Family Investments, Ltd. ("Rees Family Investments"), and Jeanne Margaret Gulner Family Investments,

Ltd ("Gulner Family Investments") (collectively, the "Rees Defendants"), the terms and conditions of which are set forth in the Stipulation and Agreement of Settlement filed with the Court on October 23, 2020 ("Settlement Agreement") as an exhibit to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion").

Upon review and consideration of Plaintiffs' Preliminary Approval Motion, the Settlement Agreement, and the exhibits attached to the foregoing, **IT IS HEREBY ORDERED** as follows:

1. This Preliminary Approval Order incorporates the Settlement Agreement, and the capitalized terms used herein, unless stated otherwise, shall have the meanings and/or definitions given to them in the Settlement Agreement, as if fully set forth in this Order.

2. The Settlement, on the terms and conditions stated in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation, and finds that the settlement between the Settlement Class and Defendants was arrived at through arm's length negotiations and exchange of information by experienced counsel.

### CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

3. For purposes of the Settlement, and conditioned upon the Settlement receiving final approval following the Final Fairness Hearing, this Court hereby conditionally certifies a class for settlement purposes only (the "Settlement Class"), defined as follows:

> All persons within the United States to whom Great Plains has lent money; all persons within the United States to whom Plain Green had lent money prior to

June 1, 2016; and all persons within the United States who received a cash advance from Mobiloans prior to May 6, 2017.

4.     The Court preliminarily finds that, for settlement purposes and conditioned upon the entry of this Order, the Final Approval Order, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.  The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

5.     The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and the Rees Defendants' defenses in that Settlement Class Members will obtain substantial monetary relief, as well as injunctive relief.  The Settlement also has key indicia of fairness in that sufficient discovery and litigation had been undertaken by the Parties in the Action and settlement negotiations

occurred at arm's length.

6. For purposes of Settlement only, the Court finds and determines that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in this Action, and thus hereby appoints Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Lawrence Mwethuku, Kimetra Brice, Earl Browne, Jill Novorot, India Banks, Alicia Patterson, JoAnn Griffiths and Jeri Brennan as representatives of the conditionally certified Settlement Class ("Class Representatives").

7. For purposes of the Settlement only, the Court appoints as Class Counsel the law firms of Consumer Litigation Associates, P.C., Kelly Guzzo PLC, and Tycko & Zavareei LLP. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

8. Since the Settlement Agreement is within the range of reasonableness and possible final approval, notice shall be provided to the Settlement Class pursuant to the Settlement Agreement. The Court approves, as to form and content, the Direct Notice and Exclusion Form filed with the Court on December 4, 2020 at ECF 33 ("Direct Notice").

9. The Court further hereby appoints RSM US LLP as the Settlement Administrator. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation: (a) disseminating Notice to the Settlement Class; (b) handling returned mail not delivered to members of the Settlement Class; (c) fielding inquiries about the Settlement Agreement; (d) receiving and maintaining Settlement

Class member correspondence regarding requests for exclusion; (e) establishing a Settlement website with relevant case documents to which members of the Settlement Class may refer for information about the Action and the Settlement; (f) establishing a toll-free telephone line to receive calls from Settlement Class Members; and (g) carrying out such other responsibilities as are provided for in the Settlement Agreement, or agreed to by the Parties.

10. The Court directs the Settlement Administrator, in accordance with the Settlement Agreement, to cause a copy of the Direct Notice to be sent in substantially the same form attached to Plaintiffs' Preliminary Approval Motion to the Settlement Class by a combination of e-mail notice to verified e-mail addresses and/or by U.S. mail, postage prepaid to each Settlement Class Member identified on the Class List.

11. The Court further directs the Settlement Administrator to maintain and update the established Settlement Website and secure a toll-free telephone number as set forth in the Settlement Agreement, which shall be updated within 14 days after the Court enters this Preliminary Approval Order.

12. On or before February 26, 2021, the Settlement Administrator will provide Class Counsel and counsel for the Defendants with an affidavit (a) stating that the mailing of the Settlement Class Notice was completed in a timely manner, (b) providing a list of opt outs received, if any, and (c) providing a list of objections received, if any, with supporting documents. The Settlement Administrator's affidavit shall be provided to Class Counsel and counsel who shall thereafter file it with the district court on or before February 26, 2021.

13. The Court finds that the Direct Notice filed on December 4, 2020, specifically, and, more generally, the notice program described above and set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and satisfies due process and Rule

23 of the Federal Rules of Civil Procedure. The Court finds that the language of the proposed Direct Notice is plain and easy to understand and provides neutral and objective information about the nature of the Settlement. Furthermore, the Court finds that the notice program complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement and their right to participate in, object to, or exclude themselves from the Settlement. The Court also finds that the Notice Program complies with Rule 23(c) as it provides for individual notice to all Settlement Class Members and is thus the best notice practicable under the circumstances. In addition, Settlement Class Members will have access to the Settlement Website and a toll-free telephone line for purposes of obtaining additional information about the Settlement.

14. Class Notice and Settlement administration costs as set forth in the Settlement Agreement shall be paid from the Fund as set forth in the Settlement Agreement.

### REQUESTS FOR EXCLUSION

15. Settlement Class Members may elect to exclude themselves or "opt-out" from the Settlement Agreement by following the procedures set forth in the Settlement Agreement for doing so. In the event a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by the Settlement Agreement, that person must, prior to the Opt-Out Deadline, advise the Class Administrator in writing of that intent. In the written request for exclusion, the Settlement Class Member must state the name of the Action, and his or her full name, address, and telephone number. Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement Agreement in the Action. The request must also be signed by the Settlement Class Member.

16. Any request for exclusion or opt out must be postmarked on or before February 12,

2021. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Court retains jurisdiction to resolve any disputed exclusion requests.

17. A Settlement Class Member who opts out of the Settlement may opt back in so long as the opt-in request is received prior to the Opt-Out Deadline.

18. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

19. Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, and shall relinquish their rights to benefits with respect to the Settlement Agreement, should it be finally approved, and may not file an objection to the Settlement Agreement or to any application for reimbursement of attorneys' fees and costs or Service Awards or otherwise intervene in this Action.

20. Any Settlement Class Member who does not submit a valid and timely request for exclusion shall be bound by all the terms and provisions of the Settlement Agreement, including the releases set forth therein, the Final Approval Order, and the Final Judgment, whether or not such Settlement Class Member objected to the settlement.

21. The Settlement Administrator shall provide copies of any requests for exclusion to the Parties as provided in the Settlement Agreement.

**OBJECTIONS**

22. Settlement Class Members who wish to object to the Settlement must do so in

writing as specified below.  Objections must be mailed to or filed with the Court and mailed or emailed to the Settlement Administrator and be postmarked (or time-stamped, in the case of an email to the Settlement Administrator) on or before February 12, 2021.  Class Counsel shall file, no later than February 26, 2021, a motion for reimbursement of costs and motion for attorneys' fees and Service Awards to the Class Representatives.  Objections solely as to the motion for reimbursement of attorneys' fees and costs, and/or Service Awards, must be filed with the Court and served on counsel for all Parties by March 10, 2021.  For an objection to be considered by the Court, the objection must also set forth and include the following:

a. the Settlement Class Member's full name, address, email address, and telephone number;
b. an explanation of the basis upon which the Objector claims to be a Settlement Class Member;
c. the reasons for his or her objection, accompanied by any legal or factual support for the objection;
d. the name of counsel for the Objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards; and,
e. whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel.

23. A Settlement Class Member may not both opt out of the Settlement and object.  If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

24. No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Fairness Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Final Fairness Hearing state their intention to appear in the objection filed with the Court in accordance with the preceding

paragraphs. Counsel for any such member of the Settlement Class must enter his or her appearance with the Court by the Objection Deadline.

25. Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, including but not limited to the compensation to Settlement Class Members, the award of Class Counsel's attorneys' fees and reimbursement of costs, the Service Awards, or the Final Judgment.

## FINAL FAIRNESS HEARING

26. A Final Fairness Hearing shall be held on March 25, 2021 at 2:00 p.m. before this Court in Courtroom 6300 of the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Final Fairness Hearing, the Court will consider and determine: (1) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (2) whether any objections to the Settlement Agreement should be overruled; (3) whether Class Counsel's requested attorneys' fees and costs and the Service Awards to the Class Representatives should be approved; and (4) whether a Final Approval Order and Judgment finally approving the Settlement Agreement should be entered. The date of the Final Fairness Hearing may be continued by the Court from time to time without the necessity of further notice to the Settlement Class.

27. Any Settlement Class Member may enter an appearance, at his or her own expense, individually or through counsel. However, if a Settlement Class Member wishes to object to the Settlement at the Final Fairness Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the Settlement Agreement and this Order. All Settlement Class Members who do not enter an appearance will be represented by Class

Counsel.

28.     The motion for final approval of the Settlement Agreement, and any papers the Parties wish to submit in support of final approval of the Settlement such as responses to any objections to the Settlement, shall be filed with the Court no later than February 26, 2021.

## STAY OF LITIGATION

29.     Pending the Final Fairness Hearing, all proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to carry out or enforce the terms and conditions of the Settlement Agreement, and this Preliminary Approval Order.

## OTHER PROVISIONS

30.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

31.     Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website.  Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

32.     The Parties are directed to carry out their obligations under the Settlement Agreement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form or content of the Direct Notice that the Parties jointly

agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

33. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection with the Settlement Agreement shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

**IT IS SO ORDERED.**

Dated: December 9, 2020

/s/
Hon. M. Hannah Lauck
United States District Court Judge

11